(90 Misc. Rep. 164)

## ISELIN et al. v. FLYNN.

(Supreme Court, Special Term, New York County. April, 1915.)

1. DEEDS ⬤☞172 — RESTRICTIVE COVENANTS — USE FOR "BUSINESS" — DRESS-MAKING ESTABLISHMENT.

Where the owner of a tract of land subdivided it into lots. and each deed conveying the lots provided that there should not be estaplished or carried on "any kind of * * * business, * * * and that the building or buildings erected on said lots shall be restricted to private dwellings, without a store or stores underneath," the occupancy of part of the premises by a dressmaking establishment was a violation of the covenant; the dressmaking establishment being a "business," within the prohibition of the covenant.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 547; Dec. Dig. ⬤☞172.]

2. DEEDS ⬤☞172—RESTRICTIVE COVENANTS—"BUSINESS"—"PROFESSION."

A restrictive covenant, prohibiting the use of lots for business, does not prohibit their use by a physician residing thereon; there being a recognized distinction in law between the practice of a "profession" and the conduct of a mercantile "business," in that the former is purely personal, depending on the skill or art of the individual, and the latter may consist in ability to organize and manage a shop or exchange where commodities are bought and sold.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 547; Dec. Dig. ⬤☞172.

For other definitions, see Words and Phrases, First and Second Series, Business; Profession.]

3. INJUNCTION ⬤☞128—RESTRICTIVE COVENANTS—USE FOR BUSINESS—SUFFICIENCY OF EVIDENCE.

Evidence in an action to enjoin a violation of a covenant, running with the land and prohibiting the use of lots for business purposes, held not to show that the neighborhood had changed from a residence to a business district.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 278; Dec. Dig. ⬤☞128.]

4. COVENANTS ⬤☞79—RESTRICTIVE COVENANTS—RIGHT TO ENFORCE.

Where the owner of land divided it into lots, and in each conveyance provided that no business should be maintained on the premises, a person who acquired title to one of the lots and built his home thereon had a right to enjoin a violation of the covenant by any other grantee, regardless of whether his right under the covenant was of intrinsic or sentimental value, or whether he was damaged by its violation.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 78–82; Dec. Dig. ⬤☞79.]

⬤☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes·

5. INJUNCTION ⊛62—RESTRICTIVE COVENANTS—VIOLATION.

Where a lot owner, by conducting a dressmaking establishment on the lot, violates a restrictive covenant contained in her deed and of which she has both constructive and personal notice, she will be enjoined from further violating the covenant, though injury may inure to her thereby.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 124–127, 129; Dec. Dig. ⊛62; Deeds, Cent. Dig. § 546.]

Action by Columrus O'D. Iselin and another against Margaret Flynn for an injunction. Injunction granted.

Beekman, Menken & Griscom, of New York City (S. Stanwood Menken, of New York City, of counsel), for plaintiffs.

Mirabeau L. Towns, of New York City, for defendant.

GOFF, J. Injunctive relief is sought by plaintiff against the violation of a covenant running with land situate on the north side of Fifty-Second street, 700 feet in length, between Fifth and Sixth avenues. This land was owned by Stephens and others, who in 1870 divided it into plots and lots and conveyed them severally to different vendees. Each deed contained a covenant by the vendee for himself, his heirs and assigns, that whenever the lot should be built upon there should be erected a first-class dwelling house of specified materials and dimensions, and that there should not be established or carried on certain enumerated uses, to the number of 50, "or any kind of manufactory, trade or business whatsoever, * * * and that the building and buildings erected on said lots shall be restricted to private dwellings, without a store or stores underneath." By mesne conveyances from the common grantor, plaintiff and defendant are grantees, and are respective owners and occupants, of premises No. 3 and No. 29 West Fifty-Second street. In 1884 plaintiff acquired title to his premises, and in the residence subsequently erected he has made his home for over a quarter of a century. When defendant acquired title to her house and lot in 1912 she had actual and constructive notice of the restrictive covenant, and it is admitted that she has since then conducted and is now conducting a dressmaking establishment.

Here there is involved a question of right to enforce observance of a covenant in a court of equity compelling specific performance of a contract. That such power is vested in a court of equity, and will in a proper case be exercised, is firmly established by principle and authority. While the cases are uniform in maintaining the doctrine, they vary in application in accordance with the differing facts which arise from character, time, location, change, or conditions, and diligent search has failed to disclose a case so exactly in point as to facts that a controlling precedent can be relied upon. It follows that neither discussion nor citation of cases will be profitable, and that guidance must be sought in principle. If I understand aright the contention of the learned counsel for the defendant, plaintiff's right to enforce observance of the covenant is challenged on three grounds: First, that the dressmaking establishment of the defendant is not a "business" within the inhibition of the covenant; secondly, that the character of the neighborhood has changed from residential to business occupation, and

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

therefore the purpose of the covenant is defeated; and, thirdly, that in any event strict enforcement of the covenant would not yield any substantial advantage to the plaintiff, but it would entail loss and hardship to the defendant.

[1] On the first ground it has been proven that defendant receives and executes orders from women for costumes in the various styles required by the changing fashions and seasons. To enable her to successfully accomplish this undertaking she employs about 30 women, who, at certain hours each day, go to and leave the premises. These women are not domestic servants. They are workers at the particular trade or occupation of dressmaking, and it may be reasonably assumed that they are wageworkers and that their wages are paid by the defendant, who employs them. Whether the material used be selected or furnished by the customer or by the defendant is immaterial, in view of the undisputed fact that the costume is designed, fashioned, and finished in defendant's establishment. Without the aid of the lexicographer or of iron-clad definitions, it is plain to common sense understanding that the defendant conducts a business for profit, and to hold otherwise would be a perversion of language and its meaning. Apply a simple test by way of illustration: Suppose a tailor occupied the next house to defendant, that he received and executed orders from men for suits of clothes, and that he employed 30 journeymen tailors who worked at their trade every day upon the premises. Would it be seriously contended that he was not conducting a business? Reason says "No." In principle, what difference can there be between a business of making clothes for men conducted by a man and a business of making clothes for women conducted by a woman? Whatever notions may have been entertained in the past regarding "dressmaking" being an accomplishment of woman's domestic life have no force or value in the world of to-day. The great marts of trade in which are manufactured or sold raiment for women attest the volume and importance of the business, and there is no sound reason why the making of clothes for women should occupy a different plane in the business world than the making of clothes for men. Millinery, which is part of woman's garniture, has been by authority declared a business. Columbia College v. Thacher, 87 N. Y. 311, 41 Am. Rep. 365. While the injunction sought in that case was denied because of the change of character of the neighborhood, yet it was explicitly held that the occupancy of a portion of the premises by a millinery establishment was violative of the covenant against the use of the premises for business. On the evidence I rule that the dressmaking establishment conducted by the defendant is a business and within the prohibition of the covenant.

[2, 3] On the second ground it is contended that the character of the neighborhood has changed, and particularly so in the same street in which plaintiff resides. On the north and south sides of the street there is a total frontage of 1,840 feet. Of this, 700 feet on the north side and 500 on the south side are under restrictions similar to those resting upon defendant's premises. There are two small pieces of business on the south side, but they are located on unrestricted lots,

and on the corners of Sixth avenue, many hundred feet from plaintiff's residence, there are places of business. Otherwise than as mentioned (including defendant's premises) the street between Fifth and Sixth avenues is occupied by private dwellings, many of which are of very expensive and elaborate character and in which are maintained large domestic establishments. A number of physicians eminent in their profession have taken up residence in the street, and it is claimed that they in fact conduct business which has consequential effects upon the neighborhood. It is not necessary to enter upon an ethical discussion of the difference between a livelihood gained by the practice of a profession and that by a business vocation. The law is practical. It is not concerned with abstractions, but with the actual affairs of men, and it recognizes the distinction between the practice of a profession and the conduct of a mercantile business. One is purely personal, depending upon the skill or art of the individual. The other may consist in ability to organize and manage a shop or exchange where commodities are bought or sold. Neither the spirit nor the letter of the restrictive covenant intended or expressed prohibition of the practice of a profession, nor can sophistry pervert the real intent and plain meaning of the word "business" to include "profession." On the northwest and southwest corners of Fifth avenue and Fifty-Second street are private residences of imposing dimensions and architectural beauty. The street and those adjacent to it constitute a high-class residential neighborhood, the property values in which are maintained at a high grade because of that character. Structures used for business purposes are not present, and the few spots in the unrestricted area already mentioned are inconspicuous and do not affect the prevailing conditions. Even though the burden of proof of change did not rest upon the defendant, the preponderance of evidence that there has not been change is of such volume as to be conclusive.

[4, 5] But a few words need be said on the third ground. When plaintiff took title and built his home he was justified in placing legal reliance upon the protective force of the restrictive covenant, and also upon the performance of its specific requirements by every bounden grantee. He acquired a right to this specific performance, and whether that right be of intrinsic value or merely sentimental is immaterial. It has not been impaired by new or changed conditions. He has not waived it, and it is inconsequential whether he has been or may be damaged by its violation. Lattimer v. Livermore, 72 N. Y. 174. The defendant not only had the constructive notice contained in her deed and also in the record of title, but she had personal notice of the restriction in the covenant, and, notwithstanding, she violated it. In view of the circumstances I am impelled to the conclusion that this violation was willful and deliberate, and though injury may inure to her, yet justice requires that she be enjoined as prayed for in the complaint, with costs of the action.

Ordered accordingly.