OKLAHOMA TAX · COMMISSION v. BENHAM.

No. 32634. April 1, 1947.

*179 P. 2d 123.*

E. L. Mitchell and Harve L. Melton, both of Oklahoma City, for plaintiff in error.

W. K. Garnett and Chas. H. Garnett, both of Oklahoma City, for defendant in error.

DAVISON, V.C.J. This is an action brought by plaintiff. to recover from the Oklahoma Tax Commission $1,025.14, state income tax paid under protest for the year 1942. The facts are undisputed.

Plaintiff, a resident of Oklahoma county, as architect-engineer, did everything necessary for the construction at Camp Polk, Louisiana, of an army camp for housing, feeding and hospitalization of 14,000 men, including sewer and warehouses, except the actual construction of the buildings and improvements. In the performance of these duties, which required 295 days, he had an average total of some 200 or more employees. He hired them, fixed their compensation, paid their salaries and wages, carried all the different forms of insurance necessary to cover them, paid their social security and pay-roll taxes. For such expenses he was reimbursed by the government some two to six weeks later if his expenditures were approved by the various auditing officers. During all the time he had an average daily investment in such expenses of approximately $30,000. His operation was on a type of cost-plus fixed fee basis, from which he ultimately received some $36,000 income which is sought to be taxed.

The only witness to testify was the accountant of the plaintiff who detailed the facts as above, as well as the method plaintiff used to finance the operation by personal loans from the First National Bank & Trust Company at Oklahoma City, which money was deposited at Leesville, Louisiana, and there used to pay expenses. Plaintiff's office for this operation was located at the site of the camp. A copy of the contract was also placed in evidence. At the close of plaintiff's testimony, defendant demurred thereto, which demurrer was overruled. Defendant offered no evidence and moved for an instructed verdict. The cause was submitted to the jury and judgment was rendered upon the verdict in favor of plaintiff for recovery of the tax which he had paid upon such income.

The contention of the plaintiff was that this income was from "business transacted" in Louisiana, while the defendant contended that it was "professional or occupational earnings" by a resident of this state. Under the first theory it would not be taxable; under the latter it would.

The section of the statute involved is 68 O.S. 1941 §876, subd. (a):

"A tax is hereby levied upon every person as defined in section 4 (b), which tax shall be collected and paid, for each taxable year, upon, and with respect to, the entire net income of such person, which is derived from all property owned and/or business transacted within this state. . . . Every resident individual shall likewise be subject to the tax hereby levied upon the entire net income of such individual, derived from wages, salaries, commission, professional or occupational earnings or other compensation received from personal services."

In Colchensky v. Oklahoma Tax Commission, 184 Okla. 207, 86 P. 2d 329, we had this same statutory provision under consideration. Therein we said:

". . . The income derived from property owned or business transacted was limited to the income derived from property owned or business transacted with-

in the state, but the tax on the income of a resident individual derived from wages, salaries and commissions, was placed on the entire income without regard to the place wherein the services were performed. . . ."

Much space in the briefs is devoted to whether the question is one of fact for the jury or one of law for the court. We think that of little importance at this state of the procedure, our question being: Was the judgment in conformity with the law and the evidence?

We think the terms "business" and "profession" are best defined by the New York court in Iselin et al. v. Flynn, 154 N.Y.S. 133, 90 Misc. 164, wherein it is said:

". . . It is not necessary to enter upon an ethical discussion of the difference between a livelihood gained by the practice of a profession and that by a business vocation. The law is practical. It is not concerned with abstractions, but with the actual affairs of men, and it recognizes the distinction between the practice of a profession and the conduct of a mercantile business. One is purely personal, depending upon the skill or art of the individual. . . ."

That same court also held that conducting a life insurance agency was a business and not a profession. Recht et al. v. Graves et al., 12 N.Y.S. 2d 158, 257 App. Div. 889.

We have not been cited, nor do we find from independent investigation, a decision dealing with the fact situation here involved.

Plaintiff did everything required for the construction of a virtual city of 14,000 persons except the actual erection of the buildings. He hired employees necessary in the performance of his contract; he fixed their salary and discharged them at will; he paid the bills from his own funds; he carried workmen's compensation insurance; he supervised the final construction; he made analyses of the materials; he prepared cost estimates and invitations for bids.

Even though plaintiff was an engineer by profession, we are of the opinion that the duties and responsibilities required of him under the contract placed him in the category of transacting a business and that his earnings under said contract should not be considered "professional earnings". His duties and responsibilities under the contract were more in the nature of those of a contractor than of an engineer.

We conclude that the income of plaintiff, derived from this enterprise, was from the transaction of business in the State of Louisiana and was therefore not taxable. The method by which the trial court arrived at the judgment is not now material.

The judgment is affirmed.

HURST, C.J., and RILEY, OSBORN, WELCH, CORN, GIBSON, and ARNOLDS, JJ., concur.