Donald S. Taylor, J.
Li this suit in equity, tried before the court without a jury, plaintiffs seek to enjoin defendants from conducting certain alleged business activities at and from their home on the ground that thereby they are violating a restrictive covenant- which is applicable to their respective properties through deeds from a common grantor. The covenant provides: “ That no business, trade or profession shall be carried on or operated upon the premises.” The court finds that the defendants have violated and are now violating the instant covenant and that they should be enjoined.
It appears without dispute that defendant, Harold Heoht, is and has been operating on and from the basement garage of a private dwelling house owned by him and his wife, and affected by the covenant in question, a business enterprise whereby he *306 undertakes, for hire, to supply hotels and bungalow colonies located in and about Ellenville, New York, with motion picture exhibitions. The films used in connection with the showings are stored in the garage, procured therefrom daily and in the late evening of the same day or the early morning of the next returned thereto following their use by motion picture projectionists employed by him who, in the busiest season of the year, number from 10 to 15. Repairs and adjustments to the equipment, when necessary, are made on defendants’ premises. He maintains thereon, in addition to his private residence telephone, one listed for business use in the classified section of the local telephone directory. Recently he has advertised in the journal of the Ulster County Resort Association that he is engaged in furnishing motion picture entertainment. Certainly these activities constitute the operation of a business on defendants’ premises within the meaning of the restrictive covenant. (Steinbeck v. Gerosa, 4 N Y 2d 302, appeal dismissed 358 U. S. 39; Trustees of Columbia Col. v. Thacher, 87 N. Y. 311; Vandershoot v. Kocher, 190 Misc. 1; Iselin v. Flynn, 90 Misc. 164.)
"While it is true, as defendants urge, that not every violation of a restrictive agreement entitles a plaintiff to equitable relief, none of the classic elements which have been held to render enforcement unjust is present here. (See, e.g., Forstmann v. Joray Holding Co., 244 N. Y. 22; Amerman v. Deane, 132 N. Y. 355; Greene v. Foremost Locations, 7 A D 2d 780; Schultheis v. Wohlleb, 231 App. Div. 851; Kiernan v. Snowden, 123 N. Y. S. 2d 895; Trustees of Columbia Col. v. Thacker, supra.) Moreover, it appears beyond peradventure that defendants were completely aware of the restrictive effect of the covenant and entered the business project on their premises with their eyes fully opened. Any oral assurances by their grantor, or his attorney, tendered them as an inducement for the purchase of the premises to the effect that the operation of a motion picture exhibition service therefrom would not be violative of the restrictive agreement are not binding on plaintiffs and thus render enforcement of the covenant no less equitable. Nor does section 346 of the Real Property Law aid defendants.
The conclusion of the court is that the issuance of a permanent injunction is equitable and just under all the facts and circumstances. Judgment accordingly is granted, without costs.