THE STATE v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

**Municipal Corporations: TAXES.** Municipal corporations have no power to grant exemption from or commutation of taxes, and a contract which undertakes to do so is void.

*Appeal from Hannibal Court of Common Pleas.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

This was a suit brought by the city of Hannibal in the name of the State to recover city taxes assessed against the property of defendant within the city. Defendant by its answer set up among other things a contract made on the 3rd day of December, 1868, between itself and the city. This contract recited that a controversy had arisen between defendant and the city in regard to the right of the city to tax the property of defendant, and that defendant intended,

if the city exercised such right, to remove its general office
and machine shops from the city to some other point,
whereby but little property of the company would be left
within the city and the taxes that could be collected would
be small, and that it would contribute materially to the pros-
perity of the city to retain the general office and machine
shops, and proceeded as follows: "Now, therefore, in
consideration of the premises, and the further considera-
tion of $700, to be paid annually, as hereinafter stated, by
the Hannibal & Saint Joseph Railroad Company to the city
of Hannibal, the city of Hannibal hereby foregoes and
relinquishes all right and claim to tax the Hannibal & Saint
Joseph Railroad Company and its property of every kind
and description, so long as said railroad company shall
keep and maintain its general office and machine shops
within the limits of said city, and said railroad company
hereby agrees and promises to pay into the treasury of said
city the sum of $700 for the year 1869, within thirty days
after the 1st day of January, 1869, and the like sum within
the like period for every year thereafter, so long as it shall
keep and maintain its general office and machine shops
within the limits of said city as aforesaid. It is distinctly
understood by the respective parties hereto, that the pay-
ment by the Hannibal & Saint Joseph Railroad Company
of said sum of $700 in each and every year, as herein stip-
ulated, is in full compromise and satisfaction of all taxes
and assessments, of whatever nature or kind and whatever
purpose, with which the said city has or shall hereafter
have the right to assess the Hannibal & Saint Joseph Rail-
road Company and its property."

The answer further stated that in pursuance of said
agreement defendant had, from the time of the making of
said agreement, kept and maintained its general office and
machine shops within the limits of the said city of Hanni-
bal, and had paid annually the said sum of $700 in lieu of
the taxes the said city was entitled to levy against and col-
lect from the defendant, up to the year 1876, which sum

14—75

for the year 1876 was tendered to said city, but refused by it.

There was a demurrer to so much of the answer as set up this contract and the demurrer was sustained.

*Geo. W. Easley* for appellant.

*B. F. McPherson* for respondent.

SHERWOOD, C. J.—Whether that portion of defendant's answer which pleaded the contract of December 3rd, 1868, was open to the objection taken by demurrer, depends upon the power of the city of Hannibal to make such a contract.

There is nothing to be found in the charter of the city which gives countenance to the idea that such power was possessed at that time, and we know that unless by the charter, the organic law of the city, such power be granted, it has no existence. This proposition of law is general and undisputed. If the power be not granted in express words, necessarily implied, or incident to those expressly granted, or essential and indispensable to the declared objects of the corporation, then the corporation is not the possessor of such a power. Dillon on Munic. Corp., (3 Ed.) § 89, and cases cited.

There are other objections equally insuperable to the exercise of the power relied upon in the present case. For though municipal corporations may make such contracts as their respective charters authorize, they cannot so contract as to surrender or embarrass their legislative or governmental powers, or prevent the full and complete performance of their public duties; duties which result from such powers, which are conferred upon municipal corporations for public purposes, and for the public good. Such powers being in the nature of public trusts, are incapable of alienation or surrender. Dillon on Munic. Corp., § 97, and cases cited. Among the most valuable and important of those public trusts and powers is that of taxation, with-

out the exercise of which municipal government would cease to exist. No argument would seem necessary to show that the same principle, which forbids the absolute cession by a municipal corporation of the power of taxation over any given subject matter, likewise forbids that which approximates thereto. For, if, for instance, it were allowable for a municipal corporation to abdicate its taxing power *pro tanto*, this would differ only in degree and not in kind from such abdication *in toto*. The exercise of either method of surrender of its legislative and governmental powers by a municipal corporation, would, if pushed to its natural and logical conclusion, destroy the municipal government.

Besides, the idea of taxation imports the equality of apportionment and assessment upon all property. Cooley Const. Lim., p. 2, and cases cited. It is this which distinguishes taxation from arbitrary exaction. 2 Dillon Munic. Corp., § 736. And it cannot be doubted that the exemption of the property of an individual or of a private corporation from taxation, either in whole or in part, casts an unusual and inequitable burden on the property of those who have not been thus graciously favored. In Maine, whose constitutional provisions, like our own, require equality and uniformity in levying taxes, it is held that even the legislature cannot confer a general power on a town to exempt, by vote of the people thereof, the property of a manufacturing company from taxation, and that such law was unconstitutional, Appleton, C. J., saying : "But while there are no limits on the amount of taxation for public purposes, nor on the subject matter upon which it may be imposed, the requirement that it shall be uniform and equal upon the valuations is made universal. To have uniformity of taxation, the imposition of, and the exemption from taxation, must be by one and the same authority, that of the legislature. But if it be conceded that each town has the right to tax part and exempt part of the property located therein, whatever its character, uniformity in rela-

tion to the subject matter as well as to the ratio of taxation is at an end " *Brewer Brick Co. v. Brewer*, 62 Me. 62 ; *s. c.,* 16 Am. Rep. 395. And in Wisconsin, where the constitution requires that " the rule of taxation shall be uniform," it is held this rule extends as well to taxation by cities, towns and counties as to that levied by the State; (*Knowlton v. Supervisors, etc.*, 9 Wis. 410; *Hale v. Kenosha*, 29 Wis. 599 ;) and that when the legislature prescribed a different rule whereby a discrimination was made in the rate of taxation to be imposed in towns upon the same species of property, the act was a departure from the constitution, and, therefore, void. In the case at bar, the attempt of the city of Hannibal to exempt the defendant's property from paying the full amount of tax, had not, as already seen, even an act of the legislature to uphold it.

But more than that, section 30, article 1, of constitution 1865, provides that: "All property subject to taxation ought to be taxed in proportion to its value." And section 16, article 11, of the same instrument, provides that : "No property, real or personal, shall be exempt from taxation." These sections were considered by this court in *Life Association v. Board of Assessors*, 49 Mo. 512. The word "ought" in the first one was held *mandatory,* and the effect of both sections held to preclude all legislative action looking either to an exemption from taxation or to a commutation of taxes, and this, notwithstanding the law of March 10th, 1869, (Wag. Stat., 752, § 2,) provided that certain insurance companies might pay certain fees in lieu of all fees and taxes whatsoever. A similar ruling was made in similar circumstances in Ohio. *Zanesville v. Auditor*, 5 Ohio St. 589. Now, if it be true, as heretéfore asserted, that the same constitutional provisions and prohibitions apply to taxation when by towns, cities and counties as when imposed by the State, and that exemption from and commutation of taxes, both alike occupy the same footing, both being under the ban of the constitution ; and if it be true, also, as heretofore decided by this

court, that a city may successfully interpose the plea of *ultra vires*, when charged with having executed a contract. *Cheeney v. Brookfield*, 60 Mo. 53, and cases cited, then it only remains to say that the judgment should be, and is, accordingly, affirmed. All concur.