VRANA et al., Appellants, v. CITY OF ST. LOUIS.

### Division Two, June 28, 1901.

1. **Cities: DEDICATIONS OF ADDITIONS: EXEMPTION FROM TAXATION.** The city of St. Louis, under its charter, is without power to exempt lots in any addition admitted to its corporate limits from either general taxes or special assessments. So that where the owner of a tract of land filed a plat in the recorder's office and thereon specially stipulated that the dedication is made with the distinct condition that the lots are not to be specially taxed or assessed to pay for the widening or extension of streets without the consent of the owners, the city by accepting such dedication did not agree to such exemption, for the reason that it had no power under its charter to make the agreement.

2. ———: ———: ———: **CHARTER.** Unless the power is granted to a city by its charter to exempt private lots or additions from the cost of extending or widening streets and alleys, the city has no power to agree to such exemption.

3. ———: ———: ———: **BENEFIT ASSESSMENTS: JUDGMENTS: TAX-BILLS: COLLATERAL ATTACK.** Where the city has agreed to exempt certain property from benefit assessments, and this exemption is not urged as a defense before the commissioners in a proceeding that is

perfectly regular, nor by way of exceptions to their report in the circuit court, the judgment of the circuit court assessing the property with benefits, no appeal being taken, is a final one, and the exemption can not be urged in a collateral proceeding, such as an equity suit to enjoin the collection of the taxbills.

Appeal from St. Louis City Circuit Court.—*Hon. L. B. Valliant,* Judge.

AFFIRMED.

*Hainer & Hodgdon* for appellants.

(1) The city having accepted the dedication made by Thomas Allen, all the conditions specified in the deed of dedication became binding on the city. Heitz v. St. Louis, 110 Mo. 618; Kemper v. Collins, 97 Mo. 644; St. Louis v. Meier, 77 Mo. 13; Becker v. St. Charles, 37 Mo. 13; Rose v. St. Charles, 49 Mo. 509. (2) That part of Iowa avenue which was opened under city ordinance 16141 was beyond the limits of Allen's addition, and the city had no legal authority to embrace in the district to be taxed for this opening and extension, lots within the Allen addition, contrary to the conditional dedication. (3) The city having accepted the dedication of the streets as public highways in Allen's addition, the conditions attached to the dedication became binding on the city, and the rule against impairing the obligation of contracts applies. (4) There is no evidence to show that Vrana was benefited by the extension and opening of Iowa avenue beyond the northern limit of Allen's western addition; for aught that appears, Vrana's property is taxed specially to improve another's property.

*B. Schnurmacher* and *Chas. Claflin Allen* for respondent.

(1)    A municipal corporation has no power, unless specially authorized by its charter or by general law, to grant exemption from taxation, and a contract which undertakes to do so is void.   Dillon's Mun. Corp. (4 Ed.), sec. 781, n.; Cooley on Taxation (2 Ed.), pp. 200, 215; Beach on Public Corporations, sec. 1443-1445; State to use v. Railroad, 75 Mo. 208.   A statute or agreement exempting property from local assessments is invalid.   Elliott on Roads and Streets, p. 377; St. Louis v. Meier, 77 Mo. 13.    (2)    An assessment for local improvements is not open to collateral attack, excepting for fraud or want of jurisdiction, as other judgments.   Cooley on Taxation (2 Ed.), p. 662; 2 Beach on Public Corporations, sec. 1123; Welty on Assessments, sec. 278; Elliott on Roads and Streets, pp. 267, 437.

GANTT, J.—This is a suit in equity to enjoin the collection of certain special taxbills against eight lots of ground on Iowa avenue in the city of St. Louis, which belonged, at the institution of this suit, to Louis Vrana, and have since his death passed to the present plaintiffs and appellants as his successors in the title.   The taxbills were issued under condemnation proceedings, regularly instituted and prosecuted for the opening of Iowa avenue from the northern line of Thomas Allen's Western Addition to the city northward to Lafayette avenue.   The case was submitted upon an agreed statement of facts, and resulted in a judgment for the defendant, from which an appeal was taken by Louis Vrana, the original plaintiff.   Pending the appeal, he died, and the suit has been revived in the names of his heirs.

From the facts agreed upon, it appears that in 1869, Thomas Allen, being the owner of a tract of land in the city of St. Louis, embracing about forty-seven acres, laid it out in blocks and lots, and filed a plat of such subdivision in the re-

corder's office of the then county of St. Louis. On this plat were laid out certain streets, avenues and alleys, which were dedicated to public use in the following language:

"I do hereby grant and dedicate the said several avenues or streets and alleys to the public use as highways forever; it being understood, however, that California avenue is hereby granted with a width of thirty feet east of the center line thereof only, the west thirty feet having already been dedicated, it is understood, by the adjoining proprietors. But the grant and dedication of avenues and alleys as herein made is upon the condition and the following distinct reservation, to-wit: That if the city of St. Louis or other public authority, or the proprietors of other public lands and lots, should at any future time deem it necessary or proper to extend the avenues, streets, or alleys indicated on this plat, the lots or proprietors of lots indicated on this plat shall not be specially taxed or assessed to pay for such extension or widening without the consent or petition of such proprietors or their assigns."

In 1891, Vrana purchased the five lots against which the taxbills in question were issued, from Thomas Allen's widow and executors, said lots having an aggregate front of two hundred feet on the west side of Iowa avenue, as indicated on the plat of Allen's addition.

By an ordinance duly enacted and approved April 6, 1891, it was provided by the city of St. Louis that Iowa avenue should be established and opened from the north line of Allen's addition to Lafayette avenue. Acting under this ordinance and the provisions of the charter of the city of St. Louis, the city counsellor instituted in the circuit court of the city of St. Louis the necessary condemnation proceedings, and commissioners to assess the damages for the private property taken for the purpose of so extending Iowa avenue, and to fix and assess the benefits to provide the compensation therefor, were

duly appointed, and in due time made' their report to the circuit court, which' was confirmed and a judgment was entered thereon. The lots of Vrana were assessed with benefits aggregating $675, and taxbills therefor were duly made out against said lots. These bills Vrana refused to pay, claiming that his property was not subject to the special assessment by reason above referred to in the dedication made by Mr. Allen. It seems that Vrana did not appear either before the commissioners or in the circuit court to urge the defense upon which he now insists.

On behalf of respondent, it is submitted that the action of the circuit court in dismissing the bill, was proper for two reasons:

1.  Because it was beyond the power of the city of St. Louis to grant to Allen an exemption from taxation; and

2.  Because even if this had been within the power of the city, the exemption should have been urged as a defense in the condemnation proceedings, either before the commissioners or by way of exceptions to their report in the circuit court, and the judgment of the circuit court in those proceedings having become final is conclusive and can not be collaterally attacked, except like any other judgment for fraud or want of jurisdiction. Whereas, appellants rely upon the language of Thomas Allen's dedication as a contract binding the city. Appellants submit the question, can the city accept the streets and alleys dedicated by Thomas Allen and disregard the conditions imposed by him in the dedication?

The purpose of the bill in this case is to have the court decree plaintiff's property exempt from the special assessments for the opening of Iowa avenue from the northern line of Thomas Allen's Western Addition northward to Lafayette avenue. It is'insisted that the city, by accepting Allen's dedication of the streets and alleys in said addition, agreed to

exempt the lots in said addition from any of the cost of extending or widening said streets or alleys.

The circuit court dismissed the bill, and plaintiffs appeal. The decree of the circuit court must be affirmed on two grounds.

I. The city was without power to agree to exempt the lots in Allen's Western Addition either from general taxes or special assessments, because no such power is vested in it by its charter and unless this power is granted it does not exist.

This must now be regarded as settled law in this State. It was so ruled in State v. Hannibal and St. Joe R. R. Co., 75 Mo. 208, as to an attempted exemption by the city of Hannibal as to municipal taxes in order to prevent a removal of the general offices and machine shops of the railroad company. The reasoning of SHERWOOD, C. J., in that case leaves nothing to be added and decides the principle involved in this case. The charter of St. Louis does not contain any such power of exemption. Beach, in his work on "Public Corporations," referring to State v. H. & St. Joseph R. R., supra, and many other authorities, state the result to be that "a municipal corporation has no power to grant exemption from or a commutation of taxes, and a contract which undertakes to do so is void; nor can municipalities discriminate in favor of any property. The power to exempt is not included in the power to tax, but must be specifically conferred." [2 Beach on Pub. Corp., sec. 1443.]

One of the prime governmental duties imposed upon the city of St. Louis is to provide reasonable highways for the public of said city, and as compensation for private property taken for public use is required to be made out of public funds only so far as the public generally is found benefited, and the remainder is required to be provided by local assessments against private property especially benefited, the city would

put it out of its power to perform its obligation if it were allowed to exempt private property from such assessments. If it could exempt one man's property, it might a dozen, and thus it might find itself unable to find property sufficient and not exempted out of which to pay for necessary improvements, or be driven to taxing a part of the property-owners far in excess of any fair benefit to their property, a practice not to be countenanced. Judge ELLIOTT, in his admirable treatise on Roads and Streets, lays it down that: "Where a statute provides generally for the assessment of lands for the cost of improving a road or street, it authorizes an assessment upon all lands within the limits designated, although some of the property may be exempt from taxation. A statute exempting property from taxation does not exempt it from an assessment for a local improvement. It may, indeed, be doubted whether a statute exempting from local assessment property appropriated to specific uses would be valid, since the exemption of one or more parcels would increase the burdens of others owning property along the line of the highway, and this would produce an inequality against which in many of the States constitutional provisions are directed." [Elliott on Roads and Streets (2 Ed.), sec. 549.]

So that even if the city had made an express agreement with Thomas Allen to exempt the lots in said addition from future assessments for necessary public purposes, it would have been a void undertaking on its part, of which he was bound to have notice. In St. Louis v. Meier, 77 Mo. 13, this court said: "Kingsland must be supposed to have known that he could not legally make, and that the city could not legally accept, a dedication made by him upon condition that when the city should condemn the land north and south of him he should not be assessed with benefits. Whether he would be liable to be assessed with benefits would depend upon the provisions

of the city charter, and not upon the agreement of the parties. Besides, the owners of the land north and south of him could not, by any arrangement between him and the city, be made to bear any portion of the tax for benefits which would otherwise be chargeable against his property."

The cases cited by appellants assert no different doctrine.

II. But the decree of the circuit court was correct upon the ground that the condition in the dedication of Allen, if treated as a valid agreement, would only have amounted to a defense in the condemnation proceedings. No such defense was interposed in those proceedings, and they are conceded to have been had upon due notice, and are regular in every way. Mr. Vrana had his opportunity to make that defense or offer it both before the commissioners and again in the circuit court by way of exception, but failed to avail himself of it in either, and he or his heirs can not now assail the judgment in those proceedings in this collateral way.

As to this the authorities are all one way. Judge Cooley in his work on Taxation (2 Ed.), p. 662, says: "When the estimate of benefits is referred to assessors, by whatever name they may be called, the rule of conclusiveness here stated must apply to their action. The remedy of one who considers himself unfairly assessed is to apply for redress to the statutory tribunal, if one is provided with the power to review. In all collateral proceedings, the benefits assessed are conclusively presumed to be received, and the assessment is not open to revisal and review."

Beach on Public Corporations, at section 1123, states the rule thus: "Where provision is made by the law for a review of assessment proceedings, and a body appointed with the power to set the assessment aside or correct the error complained of, and the party wholly fails to appear before such body or take

any steps to have such correction made, he is not in a position to appeal to the courts for redress in the absence of fraud or bad faith."

Elliott on Roads and Streets (2 Ed.), at p. 267, says: "Where the statute requires that objections to the report of viewers or commissioners shall be made within a designated time, or in a prescribed mode, the failure to make the objections in the time designated or in the mode indicated will preclude the party availing himself of any objections except such as go to the jurisdiction."

And such is the uniform ruling of this court.

In the case of City of St. Louis v. Ranken, 96 Mo. 497, the court declared that when an assessment for local improvement (in that case the widening of a street in the city of St. Louis) is made in conformity with charter and ordinance provisions, the judgment rendered upon the report of the commissioners "is final, conclusive and binding." The general proposition thus announced was applied in more specific form in the case of Michael v. City of St. Louis, 112 Mo. 610, also a proceeding like the present, to enjoin the enforcement of special taxbills. In that case the property of the plaintiffs had been assessed with benefits for the opening of a part of Kosciusko street. After the bills had been issued, the owners of certain property assessed filed their bill in equity for the cancellation of the same and to enjoin their collection, on the ground that the property taken for the opening of the street, and for the payment of which the assessments were made, was not private property, but long prior to the institution of the condemnation proceedings had been dedicated by the then owners thereof to the city as a public street. That, therefore, said owners were not entitled to compensation, and the various assessments were void. This court, however, declared: "The charter provisions and ordinances, under

which the benefits were assessed against the property of the plaintiffs in this case, came under the consideration of this court in the recent case of St. Louis v. Ranken, 96 Mo. 497, and we there held that, when a tax for benefits is to be assessed under these provisions and ordinances, the owner has a right to be heard upon the question of the amount to be assessed against his property before a charge therefor finally attaches to his property, and to notice of such right, such as is appropriate to the nature and character of the proceeding; that the notice provided for in the ordinance of the city is sufficient notice, and when the owner is so notified, and the circuit court has taken final action upon the report of the commissioners, and the assembly has appropriated the money to pay the damages for the property taken, the assessment became final and conclusive upon the question of benefit to the taxpayer, and if such notice be not given the assessment is void." And in Buddecke v. Ziegenhein, 122 Mo. 239, the judgment in these condemnation proceedings was held to be conclusive and not open to callateral attack.

It results that Mr. Vrana was conclusively estopped by the proceedings to extend Iowa avenue and his heirs are likewise bound by those proceedings, and their proposed defense to the taxbills in suit was properly rejected by the circuit court.

The judgment is affirmed. *Sherwood, P. J.,* and *Burgess, J.,* concur.