14013

MARSHALL v. SOUTH CAROLINA TAX COMMISSION *ET AL.*

(182 S. E., 96)

*Messrs. Nathans & Sinkler* and *Lionel K. Legge,* for appellant,

66

*Messrs. John M. Daniel, Attorney General, Claude K. Wingate and J. Fraser Lyon,* for respondents,

March 6, 1935.

The opinion of the Court was delivered by MR. P. H. STOLL, ACTING ASSOCIATE JUSTICE.

The appellant brought this action against the South Carolina Tax Commission and Walter G. Query, John P. Derham and Frank C. Robinson, commissioners, to test the validity of Subdivision (e) of Section 8, Act No. 406 of the Acts of the General Assembly of South Carolina 1933.

The defendant South Carolina Tax Commission filed its demurrer to the complaint on the ground that same did not state facts sufficient to constitute a cause of action, in that it appears from the complaint that the tax had been assessed

and collected under a valid and constitutional Act of the South Carolina Legislature.

The defendants Walter G. Query, John ·P. Derham, and Frank C. Robinson, commissioners, likewise demurred to the complaint on the ground that even though the Act be unconstitutional, no cause of action against them was stated in the complaint and further that the complaint showed that the tax was assessed and collected under a valid Act of the South Carolina Legislature.

Subdivision (e) of said Section 8 of Act No. 406 of the Acts of 1933 reads as follows: "In addition to all other taxes herein· otherwise provided, every individual receiving dividends or interest in excess of One Hundred ($100.00) Dollars, shall file a return and pay a tax at the rate of 5% on the excess of over One Hundred ($100.00) Dollars and no deductions or exemptions thereon shall be allowed."

Under the provisions of this Subdivision (e), the appellant filed a return with the South Carolina Tax Commission in the form required by it showing all interest and dividends thus received, and at the same time made payment of $42.84, which tax represented 5 per cent. of the interest and dividends received by him in excess of $100.00, within the year beginning January 1, 1933, and ending December 31, 1933, which said payment was made under protest to the said Tax Commission.

Thereafter, the appellant by his suit in the Court of Common Pleas for Charleston County sought to recover the tax thus paid under protest, and contends that said tax and the Act levying said tax and the Acts and actions of respondents in enforcing and collecting said tax are in violation of the Constitution of the State of South Carolina and of the Constitution of the United States of America, and are therefore illegal, null, void, and of no effect.

Respondents' demurrers to the complaint were heard before Judge W. H. Grimball, who, on July 10, 1934, filed his order sustaining both demurrers, and from said order this appeal has been taken.

In their brief appellant's counsel state the general question raised by the appeal to be: "Is the tax, commonly referred to as the 'intangibles tax' levied by the General Assembly in the year 1933 a valid one, from the standpoint of the Constitution of the State of South Carolina and the Fourteenth article of Amendments to the Constitution of the United States of America?"

The eight exceptions to the order of Judge Grimball are reduced by appellant to five questions, as follows:

(1) Is the tax in substance and essence a property tax, and therefore, void, in that (a) it is not uniform and equal in that it imposes a tax on property held by one class and exempts property of the same kind held by another class in violation of Section 1, Article 10 of the Constitution of the State of South Carolina, and in violation of Article 14 of the amendments of the Constitution of the United States of America; (b) the amendments to Section 1, of Article 10 of the Constitution of the State of South Carolina, provided the sole means of taxing intangible property, and that since the method and manner prescribed in this amendment has not been followed the tax in question is in violation thereof?

(2) Does the tax lie in the category of an income tax, and if so is it invalid because of Section 1, Article 10 of the Constitution of the State of South Carolina, which provided that income taxes should be graduated?

(3) Does the Act in question create an unjust, arbitrary, and illegal classification of those required to pay this tax, which render the Act in question unconstitutional and void by reason of Section 1, Article 10, of the Constitution of the State of South Carolina, and the fourteenth Article of the amendments to the Constitution of the United States of America, regardless of the nature of the tax therein imposed?

(4) If the tax in question is a property tax, does it follow that suit cannot be maintained under Section 2469 of the Code of Laws of South Carolina, 1932, Vol. 2, which pro-

vided that income taxes may be paid under protest and suit brought to recover, although for the purpose of assessment and levy the General Assembly has classified the tax as an income tax and the South Carolina Tax Commission has so collected this tax?

(5) Is there any personal liability imposed upon the individual members of the Tax Commission for collecting an illegal tax?

Judge Grimball, in his order sustaining respondents' demurrers, carefully considered each of these questions. After a careful consideration of the entire case, we are of the opinion that Judge Grimball's order fully and properly disposes of each of the questions raised.

All exceptions are overruled, and the judgment below is hereby affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE M. M. MANN concur.