## COLCHENSKY v. OKLAHOMA TAX COMMISSION.

### No. 28122.   Dec. 6, 1938.

Rehearing Denied Jan. 17, 1939.

Stanley B. Catlett, Dwight Williams, Cecil C. Hamilton, and B. B. Kerr, for plaintiff in error.

C. D. Cund, A. L. Herr, and W. B. Barnes, for defendant in error.

DAVISON, J.  This is an appeal from a judgment of the district court of Oklahoma county sustaining a demurrer to the petition of B. L. Colchensky filed against the Oklahoma Tax Commission to recover $94.56 paid in income tax under protest for the year 1935.

The plaintiff, Colchensky, has appealed.

During the year ending December 31, 1935, the plaintiff was a resident of the state of Oklahoma and received a salary in the sum of $2,400 from the Oil Field Equipment Company, of San Antonio, Tex. None of the business of the said company was conducted within the state of Oklahoma, and all of the salary earned by the plaintiff was for services performed entirely without the state of Oklahoma.

The plaintiff protested the payment of an income tax on his salary earned outside of the state, but paid same under protest and brought this action.

The only question presented to this court for review is the action of the court in sustaining the demurrer to the plaintiff's petition.  The plaintiff contends that the Legislature did not intend to tax the salaries of resident individuals earned for services performed wholly without this state, and that section 6 of article 6 of chapter 66, S. L. 1935, does not authorize the collection of such a tax.

The section provides an income tax upon every person based upon his income derived from all property owned and business transacted within the state.  It is further provided that a tax shall be paid upon the net income of persons which is derived from all property owned partly within and partly without the state.  The section further provides:

"Every resident individual shall likewise be subject to the tax hereby levied upon the entire net income of such individual, derived from wages, salaries, commissions, professional or occupational earnings or other compensation received from personal services."

The plaintiff places much stress upon the word "likewise" as found in the quoted portion of the section. It is contended that the word "likewise," as used in the statute, can only mean that the resident individuals are not to be taxed upon their net income derived from salaries earned from personal services performed wholly without the state.

Definition of the word "likewise" submitted by the plaintiff, obtained from Webster's New International Dictionary and from Corpus Juris, are "also; in like manner; moreover; too."  The plaintiff contends that the word "likewise" means "in a like manner."  In plaintiff's brief he states:

"If it had been the intention of the Legislature to tax income of resident individuals on salaries earned wholly without the state, why was the word 'likewise' used?  By omitting the word 'likewise' the tax would have clearly been levied upon such item of income."

We have given due consideration to this

contention in an earnest endeavor to ascertain just what merit it might contain. We are unable to agree with the construction placed upon the statute by the plaintiff.

When the sections of law here considered are examined, it is very clear that the Legislature classified, for the purpose of income taxation, the tangible and intangible property. The income derived from intangible property was placed in a separate class from that derived from tangible property.

We notice the first portion of the act levies a tax upon the entire net income of the persons named which is derived from all property owned as well as business transacted within the state.

In the second paragraph it provides for levying a tax upon net income of a resident individual derived from wages, salaries, commissions, and other compensation received. The income derived from property owned or business transacted was limited to the income derived from property owned or business transacted within the state, but the tax on the income of a resident individual derived from wages, salaries, and commissions was placed on the entire income without regard to the place wherein the services were performed. No provision is made for taxing a nonresident individual on income from wages, salaries, or commissions earned in this state.

That the Legislature had the right to classify and place in different classes incomes derived from tangible and intangible sources has not been questioned and cannot be denied. It is a well-known and familiar rule that the situs of intangibles for the purpose of taxation follows the domicile of the owner.

In the case of Lawrence et al. v. State Tax Commission of Mississippi, 286 U. S. 276, 52 S. Ct. 556, the appellant, a citizen and resident of Mississippi, brought suit to set aside the assessment of a tax upon so much of his net income as arose from the construction by him of public highways in the state of Tennessee. The statute was challenged on the ground that it imposed a tax on income derived wholly from activities carried on outside of the state, and in exempting corporations his competitors, from a tax on income derived from like activities, carried on outside of the state, and in so doing denied to him the equal protection of the laws. The court held:

"A state has constitutional power to tax its own citizens on their net income though derived wholly from activities carried on by them outside of the state. Domicile in itself establishes a basis for taxation."

And said:

"Enjoyment of the privileges of residence within the state, and the attendant right to invoke the protection of its laws, are inseparable from the responsibility for sharing the costs of government."

See, also, Shaffer v. Carter, 252 U. S. 37, 40 S. Ct. 221.

We think when the statute here considered is properly construed as a whole, there is no doubt as to its meaning. This court cannot base its decision in such cases on the construction of a single word in a statute, but such word must be construed in connection with the entire act or portion under consideration in determining and arriving at the intention of the Legislature.

Finding no error, the judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur. RILEY, WELCH, and GIBSON, JJ., dissent. DANNER, J., not participating.