## QUERY et al. v. 206 CASES OF ASSORTED LIQUOR et al.

### Civ. A. No. 382.

District Court, W. D. South Carolina,
Rock Hill Division.

April 9, 1943.

R. B. Hildebrand and W. G. Finley, both of York, S.C., for plaintiff.

Wilson & Wilson, of Rock Hill, S.C., and Hart & Moss, of York, S.C., for defendants.

WYCHE, District Judge.

This is an action brought by the South Carolina Tax Commission for the forfeiture of 206 cases of assorted liquors, and one 1941 Ford truck, and is before me upon plaintiff's motion to remand the cause to the Court of Common Pleas for York County.

It is alleged in the complaint that the Commission is charged with the duties of administering the alcoholic tax law of this

694

State;[1] that on July 9, 1942, the plaintiff, acting through its representative, C. A. Moss, Sheriff of York County, seized one 1941 Model, one and one-half ton Ford truck, containing 206 cases of assorted alcoholic liquors; that at the time the property was seized, it was in the possession of Kennth W. Matson; that the liquor did not have affixed to the bottles or containers South Carolina revenue stamps, as required by law,[2] and that for this reason were contraband, and subject to seizure by the plaintiff, and subject to be forfeited to the State of South Carolina; that at the time and place alleged the 206 cases of contraband, illegal liquor were being unlawfully transported in the 1941, one and one-half ton Ford truck, and that by reason of such illegal transportation, the truck, under the laws of South Carolina, was subject to confiscation, sale and forfeiture to the State.[3] It is further alleged that the Sheriff, acting pursuant to State law,[4] caused a list containing a description of the liquors and truck prepared in duplicate, appointed three sworn appraisers, and had the liquor appraised; that said property was appraised at $5,900; that on July 24, 1942, the Sheriff published notice in accordance with the state statutory requirements, giving time, place and cause of the seizure, and requiring any person claiming the property to appear and make claim in writing within thirty days of the date of the first publication; that on July 11, 1942, the defendant, Herman Satinover, representing himself as the agent and representative of the defendant, Lester A. Waldman, claimed the return of the property and filed with the Sheriff a sworn statement which is attached to the complaint, marked Exhibit A;[5] that on August 21, 1942, the defendant, T. H. Hoffman, filed with the South Carolina Tax Commission a claim in writing, copy of which is attached to the complaint, and marked Exhibit C,[6] stating that he is the lawful owner of the truck and alcoholic liquors, and that he on the same date filed with the Tax Commission, according to law, a bond in the sum of $11,800, the condition of which is that in the case of the condemnation or forfeiture of the property seized and which is the subject matter of the proceedings, the obligors would well and truly pay to the South Carolina Tax Commission the value of the property and all costs and expenses of the proceedings to obtain such condemnation, including a reasonable attorney's fee; whereupon, the sheriff delivered to the defendant, T. H. Hoffman, the alcoholic liquors, and the one and one-half ton truck; that the claim of T. H. Hoffman that he was the owner of the liquors and truck is false and fraudulent, and simply a part of a scheme and conspiracy on the part of the defendants, Hoffman, Lester A. Waldman and Herman Satinover, and Kenneth W. Matson, to violate and evade the laws of the State of South Carolina, with reference to possession and transportation of unstamped, contraband liquors, and that the statement of the defendant Hoffman as to his ownership of the truck is not true, but that said truck belonged to Kenneth W. Matson; that the defendant, Hoffman, is a resident of Gaston County, North Carolina,

[1] Act No. 232 of the Acts of the General Assembly of S. C., 1935, and amendments thereto, Code S.C.1942, § 1829 et seq.

[2] Section 1829, 1936 Supplement to the S.C.Code 1932, and amendments thereto, Code S.C.1942, § 1829 et seq.

[3] Section 1829, 1936 Supplement to the S.C.Code of 1932.

[4] Section 2527 (9), S.C.Code of 1932.

[5] "This truck load of liquor was warehouse stock being transferred from Lester A. Waldman's warehouse in Augusta, in Georgia, to Lester A. Waldman's warehouse in Chicago, Illinois. It originally came from his warehouse in Jacksonville, Florida. It was shipped from Jacksonville, Florida, to Chicago, Illinois, by way of Augusta, Georgia. No money was paid for it, the liquor. It is a book transaction on the books of Lester A. Waldman, and is just a transfer of warehouse stock. This lot of liquor, wine and gin is in transit. There is nothing else I know about it."

[6] "The said order and shipment of liquors was being transported from the City of Augusta, Georgia, to the State of North Carolina, by way of York, South Carolina, in a 1941 one and one half ton Ford truck, the property of said T. H. Hoffman, and that upon its arrival within the Town of York, County of York, South Carolina, the truck, together with the cargo of alcoholic liquor, was seized by the Sheriff of said County and State.

"That at the time of said seizure, the liquor was being legitimately transferred and transported in the truck of claimant en route from Augusta, Georgia, to the State of North Carolina; that the cargo of whiskey was not destined for any point within the State of South Carolina, but was an interstate shipment, and claimant was advised he was not liable or required to affix on the bottles or containers of said whiskey South Carolina revenue stamps."

which lies adjacent to York County, South Carolina; that Gaston County is dry and the sale and transportation of alcoholic liquors therein is illegal under the laws of the State of North Carolina; that Hoffman was at the times alleged in the complaint engaged in the illicit sale, transportation and possession of illegal liquor in Gaston County, North Carolina, and York County, South Carolina; that the liquor in question was being transported for illegal storage in York County; and that the plaintiff is entitled to the judgment of this court declaring the property described therein to be contraband, confiscated, condemned, and forfeited to the State of South Carolina.

▌ The plaintiff's cause of action, as alleged in its complaint, is one seeking the forfeiture of a quantity of alcoholic liquors, and a truck, by virtue of a violation of the South Carolina law with reference to the regulation and control of alcoholic liquors.[7] The action was instituted by the South Carolina Tax Commission, and the State is the sole beneficiary.[8] A suit by the South Carolina Tax Commission is a suit by the State of South Carolina. Western Union Tel. Co. v. Query et al., 144 S.C. 234, 142 S.E. 509; Monarch Mills v. South Carolina Tax Commission, 149 S.C. 219, 146 S.E. 870; Marshall v. South Carolina Tax Commission, 178 S.C. 57, 182 S.E. 96.

▌ There is no statute which authorizes the removal of a suit between a state and citizens, on the ground of diversity of citizenship, for a state cannot, in the nature of things, be a citizen of any state. Stone v. State of South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962. Therefore, the requisite diversity of citizenship does not exist.

But the defendants contend that the suit is one arising under the Constitution and laws of the United States. 28 U.S.C.A. § 41(1) (a). As stated before in this opinion, the plaintiff's cause of action is one based upon the statutory laws of South Carolina, providing for the seizure, sale and confiscation of alcoholic liquors which do not have affixed thereto the South Carolina revenue stamps, and the vehicle in which such contraband liquor is at the time being illegally transported.

▌ How and when a case arises under the Constitution and laws of the United States has been discussed in numerous decisions, but it is well settled that to bring a case within the statute, (1) a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one of the plaintiff's cause of action; (2) the right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another; (3) a genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto; (4) the controversy must be disclosed upon the face of the complaint, unaided by the answer or petition for removal; (5) the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. Gully v. First Nat. Bank, 299 U.S. 109, at pages 112, 115, 57 S.Ct. 96, 81 L.Ed 70, at pages 72, 73; State of South Carolina v. South Carolina Elec. & Gas Co., D.C., 41 F.Supp. 111.

▌ The basis of plaintiff's cause of action is a right created by the laws of South Carolina, and not by the laws of the United States. But the defendants contend that since the plaintiff has alleged that the defendants Hoffman and Satinover claim that the liquor was being transported in interstate commerce, and its denial thereof, the action is one arising under the Constitution and laws of the United States. These allegations were unnecessary to a statement of plaintiff's cause of action, and will not avail as a basis of federal jurisdiction, because they go beyond a statement of the plaintiff's cause of action, and anticipate and reply to a probable defense. State of South Carolina v. South Carolina Elec. & Gas Co., D.C., 41 F.Supp. 111; State of Georgia v. Southern R. Co., D.C., 25 F. Supp. 630.

It is, therefore, my opinion that this action does not arise under the Constitution or laws of the United States, and that the motion to remand should be granted.

---

7 Section 1829 of the 1936 Supplement to the Code of Laws of S.C., 1932, and amendments thereto. Section 2527 (9), Code of Laws of S.C.1932.

8 Section 1847, S.C.Code of Laws 1942, provides: "The proceeds of sale for any alcoholic liquors sold hereunder shall be immediately turned over to the tax commission to be thereafter turned over to the state treasury, as other funds collected by said commission."