James C. STODGELL, Jr., Appellant,

v.

Trevelyan MOUNTER, Respondent.

No. 47823.

Supreme Court of Missouri,

Division No. 2.

March 13, 1961.

Thaine Q. Blumer, Blumer & Wright, Kansas City, for appellant.

Henry P. Andrae, Jefferson City, W. F. Daniels, Fayette, for respondent.

STOCKARD, Commissioner.

Plaintiff has appealed from a judgment in favor of defendant entered pursuant to jury verdict. He assigns error in the admission of certain testimony and in giving one instruction.

On March 1, 1957, plaintiff was proceeding eastwardly in his dump truck on Highway E near Fayette, Missouri. He overtook and attempted to pass defendant who was operating his farm truck in the same direction. Plaintiff contended at the trial that when the front wheels of his truck were approximately even with the rear wheels of defendant's truck, defendant turned to the left over the center of the highway forcing plaintiff's truck into the ditch. Plaintiff testified that he "believed" there was a collision between the two trucks but that he could not "swear" to it. He introduced in evidence a photograph in which there was shown some damage to the right front fender of his truck. Defendant denied that a collision occurred, and his position was that he did not at any time swerve or turn to the left.

In the course of the trial defendant testified in cross-examination that plaintiff's truck came up behind him, went into the ditch, and then turned over on its left side. He stated that it did not turn over more than once, and that it did not turn over on its top. Defendant's witness Johnmeyer, who witnessed the occurrence while approaching on a tractor from the opposite direction, testified that plaintiff's truck went into the ditch and then "turned over twice." Plaintiff objected to this testimony "for the reason that it is directly contrary to what [defendant's] testimony was."

On this appeal plaintiff assigns as reversible error the admission of the testimony of Johnmeyer that plaintiff's truck turned over twice. He argues that defendant was "bound" by his testimony that plaintiff's truck turned over on its left side and did not turn completely over; that other than this testimony of Johnmeyer there was no explanation of the damage

to the right front fender of his truck except that it resulted from a collision with defendant's truck; and that if such collision did occur it would indicate that defendant's truck was across the centerline as plaintiff contended.

▪ A party's testimony on the witness stand " 'may be of such a nature as to have the effect of a judicial admission which not only relieves the opponent from adducing evidence, but precludes the party himself from disputing it, either by his own testimony or by other witnesses.' " Smith v. Siercks, Mo.Sup., 277 S.W.2d 521, 525. This rule has been developed in connection with the issue of whether in a particular case there is evidence to make a submissible case, Smith v. Siercks, supra, or to support the submission to the jury of a particular issue or theory of recovery. Dilallo v. Lynch, 340 Mo.Sup. 82, 101 S.W. 2d 7; Picarella v. Great Atlantic and Pacific Tea Co., Mo.App., 316 S.W.2d 642. See also Wigmore, Evidence, Sec. 2594a. However, this general rule is subject to certain exceptions one of which is as follows: " 'Where, however, the testimony of a party is not a positive statement of fact within his own knowledge, but is a mere estimate or opinion, it does not have the effect of a judicial admission. This is especially so as to the circumstances of an accident or similar event, because in such a case the party's testimony is subject to inexactness of observation and memory. * * * Thus a party is not conclusively bound by his mere estimate of time, speed or distance, or the position of an automobile or train at the time of an accident. His testimony in regard to such matters does not preclude him from relying upon the more favorable testimony of other witnesses in the case, unless the testimony of the other witnesses is inconsistent with his theory of the case or contrary to physical facts.' " Smith v. Siercks, supra, 277 S.W. 2d at page 525.

▪ We have found no previous case expressly ruling on the admissibility of testimony of a witness, which is inconsistent with previous testimony of the party calling that witness, as to some fact not in conflict with or essential to the party's theory of recovery or defense. But assuming the above general rule which was developed in connection with the sufficiency of evidence would apply to the issue of admissibility of inconsistent testimony, the above recited exception to the rule prevents any prejudicial error resulting from the admission in this case of the testimony of Johnmeyer. The defendant's testimony that plaintiff's truck turned over on its side was subject to the inexactness of observation during the excitement of the accident, and also subject to the human frailties of memory as to what the defendant saw when a truck suddenly appeared from behind him and turned over in the ditch. It was an estimate or opinion on the part of the defendant of the circumstances of an accident. It should be no more of a judicial admission that plaintiff's truck turned over only on its left side than any estimate or opinion of the speed of the truck, the distance it traveled before turning over, or its position at the time of or after turning over. The testimony of Johnmeyer was not inconsistent with or essential to defendant's theory of his defense. This particular fact was not hypothesized by either party in their instructions to the jury. This testimony pertained only to a minor factual issue which had some indirect bearing on other issues in the case.

To place upon a trial judge, in determining the admissibility of testimony, the burden of determining whether it is inconsistent with some previous statement of the party calling the witness, even though it is not inconsistent or in conflict with his theory of the case or defense, would in effect take from the jury its principal function of determining the facts from the conflicting evidence. We find no prejudicial error in the admission of this testimony of Johnmeyer.

Plaintiff next complains of defendant's contributory negligence instruction and as-

serts that (1) by failing to hypothesize facts to support a finding of contributory negligence on the part of plaintiff it was misleading, confusing and gave the jury a roving commission; (2) it ignored plaintiff's trial theory, and (3) it was contrary to plaintiff's verdict directing instruction.

Plaintiff submitted his case on the theory that "as plaintiff was passing defendant's truck * * * defendant turned to his left and across the center of said Highway E in front of and in the path of plaintiff;" that such act of defendant was negligence; that as a direct result thereof plaintiff was caused to run off the road and overturn; and as a result thereof plaintiff was injured. Defendant's contributory negligence instruction submitted that if the jury found "that the plaintiff at the time and place mentioned in the evidence carelessly and negligently failed to keep said truck he was driving under control in that plaintiff carelessly and negligently drove his said truck off of the left side of said highway onto a soft and muddy shoulder and as a result lost control of his said truck * * * and in so doing he failed to exercise the highest degree of care * * *, and if you further find that such failure to exercise the highest degree of care for his own safety * * * directly and proximately contributed to cause the plaintiff's injuries, then you should find that he is guilty of contributory negligence and plaintiff cannot recover and your verdict must be for the defendant."

■ Neither in the point nor in the argument of his brief does plaintiff set forth what omitted facts he believes should have been hypothesized, and it is perfectly obvious that the instruction does hypothesize a set of facts, which if found to be true, would authorize a finding by the jury that plaintiff was negligent under the circumstances. Plaintiff relies on Swain v. Anders, 349 Mo. 963, 163 S.W.2d 1045. There a contributory negligence instruction was held to be erroneous because after hypothesizing certain facts which, if true,

did not demonstrate negligence as a matter of law, it did not require the jury to find that the existence of those facts constituted negligence. The instruction in this case does contain such a requirement. We find no merit to the contention that the instruction was misleading or confusing or that it gave the jury a roving commission because insufficient facts were hypothesized.

■ In support of his contention that defendant's contributory negligence instruction erroneously ignored plaintiff's theory of his case, plaintiff cites Wiseman v. Jackson, Mo.App., 309 S.W.2d 356. The answer to this contention of plaintiff and to his reliance on the Wiseman case is contained in Myers v. Buchanan, Mo.Sup., 333 S.W.2d 18, 21. In that case it was also contended that a contributory negligence instruction (held to be erroneous for other reasons) ignored plaintiff's theory, and this court had this to say: "Plaintiff further says that Instruction 6 ignores 'plaintiff's right to pass defendant's vehicle after sounding his horn.' He cites Wiseman v. Jackson, Mo.App., 309 S.W.2d 356, 364, in which case an instruction was held erroneous for ignoring plaintiff's theory of the case. The instruction appeared to involve contributory negligence, but the court seemed to consider it a sole cause instruction. But regardless of what the case holds, a defendant's contributory negligence instruction does not need to negative the plaintiff's theory because the plaintiff cannot recover if his negligence contributes to the injury even though the defendant is guilty of negligence as contended by the plaintiff." See also Brooks v. St. Louis Public Service Company, Mo.Sup., 275 S.W.2d 252; Boedeker v. Wright, Mo.Sup., 312 S.W.2d 829.

Plaintiff's contention that defendant's instruction conflicted with his verdict directing instruction apparently is based on the contention that it was necessary for defendant to negative plaintiff's theory and since he did not the two instructions were

in conflict. For the reasons previously stated this contention is without merit.

We conclude that no prejudicial error to plaintiff resulted in either matter complained of on this appeal, and for that reason the judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.