Harry McMULLIN, Movant,

v.

STATE of Missouri, Respondent.

No. 48768.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 19, 1985.

Donald J. Hager, Public Defender, Farmington, for movant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GAERTNER, Judge.

On January 13, 1984, movant entered a plea of guilty to the offense of driving while intoxicated, third offense. He was thoroughly questioned by the trial court and, under oath, admitted his conviction of three prior DWI offenses. On allocution he stated he had no reason why sentence should not be pronounced. The transcript of the guilty plea proceedings show the court was advised of plea negotiations which included the dismissal of another DWI, third offense, a persistent offender charge in a stealing case, and an agreement to recommend a four year sentence. Pursuant to this agreement and upon waiver of pre-sentence investigation by movant, the court imposed a four year sentence with the Department of Corrections.

Seventeen days later, on January 30, 1984, movant executed an affidavit, a motion under Rule 27.26 to vacate and set aside his conviction, in which he alleged the invalidity of his prior convictions for the reason that in "at least part of them" he was not represented by counsel.

The trial court appointed counsel to represent movant on the motion. The state filed a motion to dismiss or for summary judgment. At a hearing upon the motion, movant's attorney admitted that the records of the Magistrate Court of St. Francois County reflected that movant was represented by counsel when convicted of DWI on July 20, 1977 and September 26, 1975. The attorney had not reviewed the record of the third DWI offense pleaded which occurred in Iron County and no admission was made regarding that alleged conviction. The trial court found that movant was represented by counsel at the time of plea and sentence on two of the three alleged prior convictions and concluded that the allegations of the motion were refuted by the record. The court, without further hearing, sustained the motion to dismiss and for summary judgment.

On appeal movant contends this ruling was erroneous in that the magistrate court records considered by the court were not "files and records of the case" and therefore did not support a denial of his motion without an evidentiary hearing. Rule 27.-26(e). Whether the ruling of the trial court be viewed as the sustaining of a motion to dismiss or the granting of a motion for summary judgment, we find no merit to this contention.

■ Section 577.023(2), prescribes as a Class D felony the third offense of driving while intoxicated. Perhaps out of an abundance of caution, in the underlying case the state pleaded three prior offenses. At the guilty plea hearing, movant, under oath, admitted all three of these convictions. In his motion, movant alleges only that "he did not have counsel at all of the prior DWI convictions." The only semblance of a specific allegation of fact in the motion is that "movant would testify that if the state represents that John Williams, an attorney, represented him, that would be false; that the lawyer did not represent movant in the DWI case." The specific denial of counsel at one of the three admitted prior convictions does not suffice to invalidate movant's conviction under § 577.023(2), requiring only two prior convictions. The motion fails to state facts showing movant entitled to relief, *Smith v. State*, 652 S.W.2d 134 (Mo.App.1983) and the dismissal of the motion was warranted.

Moreover, the records of the magistrate court showing movant to have been represented by counsel were before the trial court by virtue of the judicial admission of his attorney. A judicial admission waives or dispenses with the production of evidence and concedes for the purpose of litigation that a certain proposition is true. *Hewitt v. Masters*, 406 S.W.2d 60, 64 (Mo. 1966). Movant's attorney admitted that the records showed movant to have been represented by counsel at two of three pleaded prior convictions. Movant's motion does not deny representation at all of his convictions and refers specifically only to one. On this state of the record, the trial court was warranted in granting the state's motion for summary judgment.

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.