William G. BACHMAN, Sr. and Breman Bank and Trust Co., Co–Personal Representatives of the Estate of Harold W. Bachman, and William G. Bachman, Sr., Plaintiffs,

v.

The CITY OF ST. LOUIS, a Municipal Corporation, and Ronald A. Leggett, Collector of Revenue of the City of St. Louis, Defendants.

No. 63942.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 11, 1994.

Anthony J. Sestric, Sestric & Garvey, St. Louis, for plaintiffs.

James C. Owen, McCarthy, Leonard, Kaemmerer, Owen, Laderman & Lamkin, Chesterfield, for defendants.

AHRENS, Judge.

Defendants appeal the trial court's judgment directing them to refund City of St. Louis earnings taxes paid under protest by plaintiffs on rental income received from properties that plaintiffs purchased and inherited and then leased to their family-owned businesses. We affirm.

■ Plaintiffs have challenged the jurisdiction of this Court and filed a Motion to Transfer this cause to the Missouri Supreme Court on the grounds that their claim involves the construction of a revenue law of Missouri. Ordinarily, the Supreme Court has exclusive jurisdiction in all cases involving the construction of revenue laws of this state. Mo. Const. Art. V, § 3 (amended 1982). However, this constitutional provision does not require transfer when the revenue law in question has already been construed and an appeal can be disposed of by the application of that construction. *Knowlton v. Ripley County Memorial Hosp.*, 743 S.W.2d 132 (Mo.App.1988). The instant appeal can be disposed of by the application of decisions of the Supreme Court, so transfer is not required. Plaintiffs' motion for transfer is denied.

The record shows that plaintiffs were stockholders, officers and directors of two businesses, Bachman Machine Company and Plastics Molding Company, both Missouri corporations. Bachman Machine Company had originally operated as a sole proprietorship by plaintiffs' father. The real estate used in the business was owned by plaintiffs' parents and located in the City of St. Louis.

In 1972, plaintiffs inherited the commercial real estate used by the businesses. In addition, one of the plaintiffs purchased additional parcels in the same area. Both the inherited and purchased parcels were rented to the companies.

In May, 1989, the Collector of Revenue of the City of St. Louis notified plaintiffs that they would be required to pay City earnings taxes on the net profits they received from rents paid on their commercial property in 1988. On or about August 3, 1990, plaintiffs objected to the payment of the tax but paid a portion of it under protest. Plaintiffs then filed suit seeking damages and declaratory and injunctive relief. On or about December 6, 1990, Defendant Leggett counterclaimed seeking payment of City earnings taxes on rents received by plaintiffs during the years 1987 through 1989. On December 14, 1990, Defendant Leggett filed a motion for partial summary judgment on the issue of the taxability of the income from the inherited property. The motion was denied.

After a bench trial, the trial court entered findings of fact, conclusions of law, and an order directing the earnings taxes paid under protest by plaintiffs be refunded and Defendant Leggett's counterclaim be denied. The trial court found that (1) plaintiffs were not in the real estate business; (2) plaintiffs' limited activities with respect to the property rented to Bachman Machine Company and Plastics Molding Company did not rise to the level of business activity within the meaning of the City's earnings tax ordinance; and (3) income from inherited property is not subject to the City's earning tax unless the income is earned.

Defendants' first point on appeal is that the trial court erred in allowing plaintiffs to improperly introduce into evidence the City ordinances which were at issue in this case. The only evidence offered by plaintiffs at trial as to the terms of the city ordinances was a copy of the City Code Book, a brochure prepared by the Collector of Revenue of the City of St. Louis. A copy of this document had been sent to plaintiffs and their accountant. The Code Book, on its face, states that it was not printed or published by the City of St. Louis. Defendants argue that this Code Book was not admissible to show the existence or terms of the St. Louis City earnings tax ordinance. Plaintiffs counter by arguing that it is not the ordinance itself which is being challenged but the construction of the state enabling statute, city charter, and the ordinance as set out in the City Code Book.

■ Ordinarily, a trial court may recognize an ordinance only if it is admitted into evidence or stipulated to by the parties. *Queen of Diamonds, Inc. v. Quinn,* 569 S.W.2d 317, 319 (Mo.App.1978). Defendants argue that plaintiffs had the burden of proof to offer a certified copy of the ordinance. § 490.240 RSMo (1986).

Plaintiffs, in their petition, alleged:

On or about April 28, 1954, the Board of Aldermen of the City of St. Louis approved Ordinance No. 47063, effective May 1, 1954. This Ordinance, as amended, is now codified at §§ 5.22.010–5.22.150, Revised Code of St. Louis, a copy of which is marked Exhibit A, attached hereto and incorporated herein.

Defendants, in their answers, admitted this allegation of plaintiffs' petition. Allegations in a petition which are admitted in an answer constitute a judicial admission. *In re Marriage of Maupin,* 829 S.W.2d 125, 127 (Mo. App.1992). A judicial admission "waives or dispenses with the production of evidence and concedes for the purpose of the litigation that a certain proposition is true." *Id.* (citing *Hewitt v. Masters,* 406 S.W.2d 60, 64 (Mo. 1966)). Therefore, the ordinance itself was not an issue at trial. *Id.* Section 490.240, the statute which sets forth the preferred method for admitting an ordinance into evidence, is not applicable because of the admission in the defendants' answers that Ordinance No. 47063 was codified in the Revised Code of St. Louis, a copy of which was set forth in the petition.

■ It should also be noted that defendants' counterclaim against plaintiffs for earnings taxes due made no mention of the ordinance, but rather cited the same provisions of the City Code used by plaintiffs. At trial, defendants put on no evidence of the ordinance to support their counterclaim, but relied entirely on the Code as authority for the tax. It is incongruous for defendants to argue that the content of the ordinance was not before the trial court. An objection to the admissibility of evidence is waived where the same or similar evidence is adduced by the objecting party. *Rice v. James,* 844 S.W.2d 64, 68 (Mo.App.1992). The trial court did not err in allowing plaintiffs to use the City Code Book as evidence of the ordinances at issue in this case. Point denied.

Defendants next point on appeal is that the trial court erred in finding that plaintiffs were not in the real estate business and that their activities did not rise to the level of business activities within the meaning of the ordinance. We disagree.

■ We must sustain the decree or judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Defendants, in their brief, set forth the evidence surrounding plaintiffs' ownership of the real estate in question and argue that the weight of the evidence leads to the conclusion that plaintiffs were conducting a real estate business. Defendants place particular emphasis on the fact that as owners of the properties, plaintiffs decided whom to rent to, how much rent to charge, and what party should be responsible for maintaining and improving the real estate. In addition, defendants argue that plaintiffs were sophisticated investors whose personal ownership of the real estate was in competition with the interests of their family businesses.

The trial court heard all of this evidence and defendants' arguments and ruled:

"(5) Plaintiffs are not in the real estate business, and the limited activities they have engaged in with respect to the rental of property to their family-owned businesses does not rise to the level of a business activity within the meaning of the ordinance."

The evidence revealed that the real estate plaintiffs acquired by inheritance and purchase was rented to family-owned businesses. The property was acquired in furtherance of their family-owned machine company operations. There was no evidence that plaintiffs were engaged in a real estate leasing business. We find there is substantial evidence to support the trial court's ruling and it is not against the weight of the evidence. Point denied.

Defendants' final point on appeal is the trial court erred in determining that the income from inherited property is not subject to the St. Louis earnings tax unless the income is "earned". Defendants first argue that the trial court erred in denying their motion for partial summary judgment. We need not rule on the denial of defendants' motion because the underlying issue, whether the Missouri statutes and the St. Louis City ordinances provide for the imposition of an earnings tax on income derived from inherited property, can be reviewed on the trial court's final decision and judgment.

The trial court held:

"Because the rental income is not earned, and not subject to the earnings tax, and the fact that some of the property was inherited by Plaintiffs does not alter the 'unearned' character of the income. As outlined above, the Supreme Court in *Agard* made it clear that the tax is an earnings tax, not an income tax. So long as the rental income is unearned, it is not subject to the City earnings tax."

Defendants argue that this holding is a judicial amendment of the provisions of § 92.130(2)(4) RSMo 1986. They contend that § 92.130(2)(4) specifically states that income received from inherited property is included as income for earnings tax purposes.

They argue that had the Missouri legislature intended to exempt rental income from inherited property from the earnings tax provisions, it would have stated so.

§ 92.110 RSMo 1986 is the enabling legislation which defines what income and net profits are subject to an earnings tax. As alluded to in the trial court's holding, the Missouri Supreme Court has previously considered the statutes pertaining to earnings taxes. *See Carter Carburetor Corp. v. City of St. Louis*, 356 Mo. 646, 203 S.W.2d 438 (banc 1947); *Barhorst v. City of St. Louis*, 423 S.W.2d 843 (Mo. banc 1967); and *State ex rel. Agard v. Riederer*, 448 S.W.2d 577 (Mo. banc 1969). Addressing the City of St. Louis' earnings tax, the Court has stated: "[n]either the enabling act, the Charter provision, nor the ordinance authorizes the imposition of an earning tax on what has been termed 'unearned income'." *Barhorst*, 423 S.W.2d at 846. The Court has consistently held that the earnings tax is "... a species of income or excise tax. However, it is limited to earnings from work or services, and does not include other kinds of income such as interest on investments, rents, dividends, capital gains and the like." *Agard*, 448 S.W.2d at 579.

Defendants contend that the language of § 92.130(2)(4) allows the City of St. Louis to impose an earnings tax on income derived from inherited property. It provides:

"The following income shall be exempt, regardless of who receives it, from such (an earnings) tax: ... (4) The value of property acquired by gift, bequest, devise or descent, but the income from such property shall be included as income;"

Defendants' position is that since plaintiffs had inherited some of the real estate upon which they were receiving rents, the rents they received from the inherited property were income subject to the earnings tax.

An ordinance enacted as a taxing measure must be given a strict interpretation and construed against the taxing authority and in favor of the taxpayer. *Adams v. City of St. Louis*, 563 S.W.2d 771, 775 (Mo. banc 1978). Section 92.130 is an exemption statute which lists the entities which are not subject to an earnings tax. The language of

this exemption statute presupposes that income must first be taxable under § 92.110 before it is necessary to consider whether or not the income is exempt under § 92.130. To be taxable under § 92.110, income must be "earned". *Barhorst*, 423 S.W.2d at 846. In the case at bar, the rents received by plaintiffs, on both the inherited and purchased real estate, were not earned income and not subject to taxation under § 92.110. *Agard*, 448 S.W.2d at 579. Therefore, it was not necessary to consult the inapplicable provisions of § 92.130.

We find the trial court's holding on this issue to be a precise and correct interpretation of the law. Point denied.

The judgment is affirmed.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.