Lonnie D. CREECH, Plaintiff–
Respondent,

v.

MBNA AMERICA BANK, N.A.,
Defendant–Appellant.

No. 28453.

Missouri Court of Appeals,
Southern District,
Division II.

Jan. 28, 2008.

Motion for Rehearing or Transfer
Denied Feb. 15, 2008.

Application for Transfer Denied
May 20, 2008.

David J. Weimer, Kansas City, for Appellant.

Don Trotter, Mt. Vernon, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

This is an appeal from an order and judgment to stay arbitration in a matter involving Lonnie D. Creech ("Respondent") and his credit card account with MBNA America Bank, N.A. ("Appellant"). After Appellant initiated arbitration proceedings against Respondent, Respondent filed a Petition to Stay Arbitration, which initially was granted when the trial court entered a temporary injunction against Appellant. The trial court made permanent the injunction after allowing an evidentiary hearing pursuant to section 435.355.2.[1] We affirm.

Appellant appeals the judgment granting a permanent stay of arbitration. An appeal may be taken from an order granting an application to stay arbitration proceedings. Section 435.440.1(2); *PerfectStop Partners, L.P. v. U.S. Bank*, 231 S.W.3d 260, 264 (Mo.App. W.D.2007). In reviewing this court-tried case, an appellate court must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or erroneously declares or applies the law. *Foster v. Village of Brownington*, 140 S.W.3d 603, 607 (Mo. App. W.D.2004). This Court is primarily concerned with the correctness of the trial court's result, not the reasoning of the trial court in reaching that result; therefore, the judgment will be affirmed if cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient to reach that result. *Business Men's Assur. Co. of America v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999).

A party receiving a demand for arbitration may move in the courts for a stay of the arbitration proceedings on the ground that a valid arbitration agreement was not made.

On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

Section 435.355.2.

Section 435.355 is the legislative authority to a court of proper jurisdiction to entertain an application to stay threatened or commenced arbitration; it is premised upon an allegation that there exists no agreement to arbitrate between the parties. *St. Luke's Hosp. v. Midwest Mechanical Contractors, Inc.*, 681 S.W.2d 482, 486–87 (Mo.App. W.D.1984). The Court is authorized to summarily and forthwith try the issue and render its decree. *Id.* at 487. The court then is charged with the responsibility of determining, based on the evidence offered by the parties, if the agreement does exist. *Id.* The trial court found no agreement to arbitrate.

Appellant claims the trial court erred in finding that there was no valid arbitration agreement because Respondent made a judicial admission in his pleadings; namely, that he signed a contract that included an arbitration agreement and, therefore, there is an arbitration agreement as a matter of fact. Appellant relies upon paragraph three of Respondent's Pe-

---

1. All references to statutes are to RSMo 2000, unless otherwise specified. All rule refer-ences are to Missouri Court Rules (2007), unless otherwise specified.

tition to Stay Arbitration. The relevant portions of Respondent's petition are paragraphs 2 and 3:

2. Attached hereto and made a part of this verified petition are the *purported documents to compel arbitration,* marked Exhibit "A". Said documents were served upon [Respondent] personally on 12–6–2005.

3. The document which is a part of Exhibit "A" labeled "Goldoption Account Agreement" was a portion of the original credit card application submitted by [Respondent]. However said document does not exhibit [Respondent's] signature and was prepared by [Appellant] as a standardized contract offered to its consumers on a "take it or leave it" basis without affording [Respondent] a realistic opportunity to bargain or agree to arbitrate and with what terms the arbitration should occur except by acquiescing to said form contract.

(emphasis added).

Appellant asserts that these statements are a direct judicial admission by Respondent that he was a party to a contract that contained an arbitration agreement. The statements could be read in a way that implied a contract to arbitrate was made; however, the statements are ambiguous. They also can be read as stating that Exhibit A is the document which, Appellant claims, forces him into arbitration or they could be read as stating that the document, which he did not sign and to which he did not agree to be bound, alternatively appears to be a contract of adhesion. The court did not err in finding no binding admission.

We find the trial court did not err in refusing to find a judicial admission in these paragraphs for another reason. Allegations in a petition which are admitted in an answer do, in fact, constitute judicial admissions, for which production of evidence on the issue is not required and the fact is conceded for the purpose of the litigation that the certain proposition is true. *Bachman v. City of St. Louis,* 868 S.W.2d 199, 201 (Mo.App. E.D.1994). The definition of a judicial admission clearly, however, requires two parts: (1) an allegation, and (2) an admission by the opposing party. Here, Appellant has not admitted the facts alleged in paragraph three. Appellants response to paragraph three is as follows:

3. [Respondent] failed to attach any documents to the copy of the pleading purportedly served on [Appellant], and so [Appellant] cannot respond to paragraph 3 of [Respondents] petition.

Based on Appellants lack of response to the allegation in Respondents petition, Appellant cannot be granted the benefit of a judicial admission. The issue of whether or not there was, in fact, a valid arbitration clause was not admitted in the pleadings and it was proper for the trial court to make this determination based on information presented through the summary proceedings.

 Motions to stay or compel arbitration are tried in summary proceedings. Section 435.355.2. Summary proceedings are those conducted "[w]ithout the usual formalities [and] without a jury." *Nitro Distribution, Inc. v. Dunn,* 194 S.W.3d 339, 351 (Mo. banc 2006). In summary proceedings where parties dispute the facts, an evidentiary hearing must be held and the parties may present their evidence, in the form of documents, affidavits, deposition transcripts and other materials to resolve the factual disputes. *Id.* at 352. After Respondent challenged the validity of the agreement to arbitrate by alleging that he was never a party to an arbitration agreement, the court had to determine that issue based upon the evidence before

it. The problem with Appellant's position in this case is that it failed to provide any evidence to support its position by way of witnesses, documents, affidavits or deposition transcripts at the evidentiary hearing. The hearing consisted of each attorney making arguments to the court and a request for the judicial admission of the pleadings. The request for a judicial admission of the pleadings was never ruled upon by the trial court, but, even if it had been, as we have explained *infra*, the pleadings do not contain a judicial admission of the existence of a contract to arbitrate.

In its argument in this Court, Appellant claims that the original agreement with Respondent probably had an agreement to arbitrate and was later amended to include an arbitration agreement. Appellant claims that the amendment was sent by mail to Respondent. Neither party filed with the trial court the original account agreement; instead, Respondent relies upon a copy of the "amendment" which Appellant claims was mailed to Respondent a short time after the account was opened and which has never been acknowledged as received by Respondent. Appellant argues that the affidavit presented in the suggestions after the summary proceeding conclusively show an agreement to arbitrate and should be reviewed by this Court. We do not address whether the affidavit was properly in evidence before the trial court because

> [e]ven if the facts stated in [A]ppellant's affidavit may be considered as evidence, the trial court did not have to believe such facts. Rule 55.28; *Cloyd v. Cloyd*, 564 S.W.2d [337,] 343 [ (Mo.App.St.L.D. 1978) ]. The trial court, acting as trier of fact, may disbelieve the in-court testimony of any witness, and an affidavit may be similarly treated. *Cloyd*, 564 S.W.2d at 343. Therefore, even if [A]ppellant's

affidavit was in evidence, reversal is not required.

*Delf v. Cartwright*, 651 S.W.2d 622, 624 (Mo.App. E.D.1983).

The trial court conducted a summary proceeding pursuant to section 435.355.2. Based on the evidentiary hearing, the court answered the factual question of whether there was an agreement to arbitrate in the negative. We affirm the trial court's judgment that Appellant failed to prove that the agreement between Respondent and Appellant was included or amended to include an arbitration provision. Because we affirm the finding that there was no agreement to arbitrate, we do not address Appellant's second point. The judgment is affirmed.

LYNCH, C.J., BARNEY, P.J., concur.