

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

GREGORY F.X. DALY, in his official
capacity as the COLLECTOR OF
REVENUE for the CITY OF ST. LOUIS,
MISSOURI,

      Appellant,

v.

MARY ANNE HELMSING,

      Respondent.

No. ED112856

Appeal from the Circuit Court
of the City of St. Louis
Cause No. 1922-CC12007

Honorable Joseph P. Whyte

Filed: April 22, 2025

Gregory F.X. Daly, the Collector of Revenue for the City of St. Louis, ("the Collector")
appeals the circuit court's judgment declaring that Mary Anne Helmsing's income from several
limited liability companies was not subject to the City's earnings tax. The circuit court properly
found that Helmsing was not precluded from challenging her delinquent taxes. Because
Helmsing's compensation from the companies she owned was not "earned" income, the
Collector was not authorized to collect an earnings tax on that income. The judgment is affirmed.

## Background

Helmsing was a City resident during the tax years at issue. During that time, Helmsing
was a limited partner in several businesses located and conducting business outside of the City.

In 2013, 2014, and 2015, Helmsing filed earnings tax forms reporting her earned income from these businesses.

After auditing her returns, the Collector sent Helmsing a tax delinquency letter on October 18, 2018, concluding that Helmsing underpaid her earnings taxes. The tax delinquency letter informed Helmsing she owed $4,247.80 in earnings taxes, interest, and penalties for 2013, 2014, and 2015.

In November 2019, the Collector filed a petition for declaratory judgment and collection of the delinquent amount. The Collector sought declarations that: (1) Helmsing was foreclosed from challenging the contested taxes due to her failure to file under protest pursuant to § 139.031.1, RSMo Supp. 2019;[1] (2) the profits paid to Helmsing were subject to the City's earnings tax ordinances; and (3) Helmsing was liable for the contested taxes plus interest and penalties. Helmsing and the Collector filed dueling motions for summary judgment.

The circuit court entered its judgment, sustaining Helmsing's summary judgment motion and overruling the Collector's summary judgment motion. The circuit court determined Helmsing was not required to comply with § 139.031.1 in order to defend the Collector's collection action and her income from the nonresident businesses did not qualify as earned income subject to taxation. The Collector appeals.

**Standard of Review**

Appellate review of the grant of summary judgment is *de novo. Sachtleben v. Alliant Nat'l Title Ins. Co.*, 687 S.W.3d 624, 629 (Mo. banc 2024). "Summary judgment is proper if the moving party establishes there is no genuine issue as to the material facts and the movant is entitled to judgment as a matter of law." *Id.* This Court reviews "the record in the light most

---

[1] All references to § 139.031 are to RSMo Supp. 2019.

2

favorable to the party against whom judgment was entered." *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The party against whom summary judgment was entered is accorded the benefit of every doubt." *Seaton v. Shelter Mut. Ins. Co.*, 574 S.W.3d 245, 246-47 (Mo. banc 2019). "That party is entitled to all reasonable inferences from the record." *Templeton v. Orth*, 685 S.W.3d 371, 374 (Mo. banc 2024).

**Analysis**

*Section 139.031*

The Collector claims that the circuit court erred in allowing Helmsing to challenge the legality of the earnings tax that Collector determined she owed because she did not pay the disputed tax under protest pursuant to § 139.031.1. The Collector argues § 139.031 is the exclusive remedy for a taxpayer seeking to challenge the legality of a tax and precludes Helmsing from challenging the City's earnings tax assessment.

Once a taxpayer is charged with notice of the amount of taxes due, the taxpayer has a choice. *Buck v. Leggett*, 813 S.W.2d 872, 877 (Mo. banc 1991). The taxpayer may either: (1) follow the procedure of § 139.031; or (2) "enjoin the collection of such taxes." *Buck*, 813 S.W.2d at 877; *see also Adams v. Friganza*, 344 S.W.3d 240, 251 (Mo. App. 2011). Section 139.031 "establishes a procedure under which a taxpayer can adjudicate the legality of an imposed tax." *State ex rel. SLAH, L.L.C. v. City of Woodson Terrace*, 378 S.W.3d 357, 361 (Mo. banc 2012). Taxpayers seeking a refund of disputed taxes in the circuit court are required to pay their disputed taxes under protest "before the delinquency date." Section 139.031.1; *Blankenship v. Franklin Cnty. Collector*, 619 S.W.3d 491, 511 (Mo. App. 2021); section 139.031.2. The taxpayer must then sue the Collector within ninety days and pursue a refund of the protested taxes. Section 139.031.2.

Section 139.031 does not apply in this case because the Collector did not inform Helmsing of the amount of earnings tax it believed she owed until *after* the delinquency date. Prior to the Collector's delinquency notice, Helmsing calculated, reported, and paid what she believed satisfied her earnings tax obligation. The disputed tax issue first arose when the Collector sent her a delinquency notice claiming she did not pay the full amount due. The Collector filed this underlying declaratory judgment action after Helmsing did not pay the additional disputed amount. Helmsing, therefore, had no reason to pay her taxes under protest *before* the delinquency date pursuant to § 139.031 because she was merely responding to the Collector's collection action filed years *after* the delinquency date. Section 139.031 does not preclude a taxpayer from defending a collection action. *See State ex rel. Leggett v. Sovran Leasing Corp.*, 909 S.W.2d 664, 664 (Mo. banc 1995) (allowing a taxpayer to defend an action by the city collector of revenue to recover delinquent taxes).

Each of the cases the Collector cites in support of its argument on this point involve an entirely different taxation scheme. Those cases involve situations in which a taxing authority sent a tax bill to the taxpayer or otherwise indicated the amount due in advance of the due date. The tax bill provided notice to the taxpayers of the amount the taxing authority believed was owed. The taxpayers could then act accordingly.

In the earnings tax context, an employer may collect and remit the earnings tax that is authorized to be levied upon its employees. Section 92.170. Yet, "each individual, association, business, corporation, fiduciary, or other entity, whose earnings or profits are subject to" the earnings tax are required to file a return with the Collector setting forth all information the Collector may require. St. Louis City, MO, City Code, section 5.22.050 (1952). When an individual is responsible for determining the amount owed to the City and must prepare and

submit a tax return setting forth that amount, there is nothing to protest because no tax was imposed. Only once the Collector indicates it believes the reported tax amount is incorrect is the taxpayer placed in a position to contest that amount. Because § 139.031 requires a taxpayer to pay under protest before the taxes are delinquent, a holding that § 139.031 applies to taxpayers who self-report their earnings tax would require those taxpayers to surmise every additional amount the Collector may deem taxable and then file suit against the Collector without knowing whether the Collector will ever seek to actually collect the "contested" amounts. Nothing in the language of § 139.031 suggests this was the intended procedure.

Because the Collector did not impose a tax amount that Helmsing could dispute before the date of delinquency, Helmsing could not have filed a protest before the date of delinquency as required by § 139.031. Accordingly, the circuit court did not err in finding that § 139.031 did not preclude Helmsing from defending the Collector's lawsuit against her.

*Earnings Taxes*

The Collector claims the circuit court erroneously interpreted the earnings tax statute and ordinance. The circuit court found that Helmsing's income was not included in the categories of taxable income listed in § 92.111, RSMo 2016,[2] and therefore not taxable. Yet, the Collector argues the income distributed to Helmsing was earned, taxable income.

Tax statutes are construed "in favor of the taxpayer and against the taxing authority." *Delta Air Lines, Inc. v. Dir. of Revenue, State of Mo.*, 908 S.W.2d 353, 356 (Mo. banc 1995) (quoting *Brown Group, Inc. v. Administrative Hearing Commission,* 649 S.W.2d 874, 881 (Mo. banc 1983)). The imposition of the earnings tax "is limited to earnings from work or services, and does not include other kinds of income such as interest on investments, rents, dividends,

---

[2] All references to § 92.111 are to RSMo 2016.

5

capital gains and the like." *Bachman v. City of St. Louis*, 868 S.W.2d 199, 202 (Mo. App. 1994) (quoting *State ex rel. Agard v. Riederer*, 448 S.W.2d 577, 579 (Mo. banc 1969)).

Section 92.111 is the enabling statute that defines what income is subject to the City's earnings tax. Section 92.111.2 provides that "unless the context clearly requires otherwise, the term 'earnings tax' means a tax on" the "[s]alaries, wages, commissions and other compensation *earned*" as well as "[n]et profits of associations, businesses or other activities *conducted* by residents …." Section 92.111.2(1) and (3) (emphasis added).[3] This does not authorize "the imposition of an earning tax on what has been termed 'unearned income.'" *Barhorst v. City of St. Louis*, 423 S.W.2d 843, 846 (Mo. banc 1967).

Distinguishing between "earned" and "unearned" income "can be resolved only after consideration is given to all available facts and information pertinent to the particular individual taxpayer." *Riederer*, 448 S.W.2d at 582. In this case, the uncontroverted material facts show that Helmsing was a limited partner in all of the businesses during the taxing periods at issue. Helmsing did not actively participate in any of the businesses and considered the income to be investment income. She did not manage, operate, or provide labor or services to any of the businesses. In other words, Helmsing profited if the businesses did well, but she had no control over how the businesses performed or operated. In these particular circumstances, the income Helmsing received from her limited partnership in these companies is akin to the interest on

---

[3] The Collector supports its argument that § 5.22.020(A) of the City Code further defines the type of income subject to the earnings tax because it states the earnings tax is imposed on "the entire distributive share or any member of a partnership or association …." However, this is still prefaced with the qualifying language that those income classifications must be *earned* by the City's residents. *See* section 5.22.020(A) of the City Code ("Salaries, wages, commissions and other compensation *earned* after July 31, 1959, by resident individuals of the City, including the entire distributive share of any member of a partnership or association, less the amount thereof, if any, which may be shown to have been taxed under the provisions hereof to said association or partnership.")

investments and stock dividends that have previously been considered "unearned" income.[4] Because this income is not the category of funds that are designated as "earned" income nor did Helmsing participate in the businesses, it is not subject to an earnings tax.[5] Accordingly, the City was not authorized to impose and collect an earnings tax on them.

### Conclusion

The circuit court did not err in sustaining Helmsing's motion for summary judgment determining that § 139.031 did not preclude her from challenging her delinquent taxes nor did it err in determining Helmsing was not required to pay the City's earnings tax on income that did not meet the definition of "earned" income. The circuit court's judgment is affirmed.

_____
John P. Torbitzky, Presiding Judge

Robert M. Clayton III, J., and
Michael S. Wright, J., concur.

---

[4] That Helmsing was only a non-active, limited partner in these entities is essential to the outcome of this case. This opinion should not be read to prevent the Collector from taxing distributive shares of partnership or LLC income when that income was *earned* by a partner or member through active participation in the business. That is a separate question that is not resolved here.

[5] Additionally, because this income is not in the category of funds designated as "earned" income, it is unnecessary to determine whether the income could also be excluded from the "earned" income category pursuant to § 92.130, which provides a list of statutory exemptions wherein earned income is not subject to the earnings tax. *Bachman v. City of St. Louis*, 868 S.W.2d 199, 203 (Mo. App. 1994).